IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ROBERT LEE BROWN, | : |
| Plaintiff, | : |
| VS. | : NO. 1:09-CV-059 (WLS) |
| JOHN B. NORTON, | : |
| Defendant. | : Proceedings Under 42 U.S.C. §1983<br>Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court are two separate motions for summary judgment filed by Plaintiff Robert Lee Brown (Doc. 37) and Defendant John B. Norton (Doc. 32). Because there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law, it is hereby **RECOMMENDED** that Defendant's Motion be **GRANTED** and that Plaintiff's Motion be **DENIED**.

### FACTUAL AND PROCEDURAL HISTORY

On July 15, 2008, Plaintiff Robert Lee Brown was convicted by a jury in the Superior Court of Sumter County of burglary, four counts of aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime. Plaintiff was found not guilty of a fifth count of aggravated assault. Plaintiff was sentenced to a total of twenty (20) years to serve in prison and forty-five (45) years to serve on probation. Plaintiff was also banished from the Southwestern Judicial Circuit for the duration of his sentence.

Plaintiff now brings a claim of false arrest under 42 U.S.C. § 1983 against Defendant Detective John B. Norton. Plaintiff alleges that Defendant did not have sufficient probable cause to swear out arrest warrants on Plaintiff.

Construed in a light most favorable to Plaintiff, the facts of this case are as follows: On May 23, 2007, police officers responded to a disturbance at 633 South Hampton Street, Americus, Georgia. Pl.'s Exhibit B-1 (Doc. 3-1 at 13). Upon arrival, the officers observed that the front porch glass window panes were knocked out and that there was blood on the floor at the entrance. Id. After entering the residence, officers made contact with Felicia Champion and Peggy Nimmons. Id. Ms. Nimmons had a bloody towel on the back of her head and several large knots on both of her arms. Id. Ms. Nimmons was taken to the hospital, and Ms. Champion was taken to the police department to provide a recorded statement. Pl.'s Exhibit C-1 (Doc. 3-1 at 14). Defendant arrived at the scene after Ms. Nimmons was taken to the hospital. Def.'s Aff. ¶ 4 (Doc. 32-3).

While at the police station, Ms. Champion provided Defendant with the details of the incident. Pl.'s Exhibit B-3 (Doc. 37-1 at 7); Def.'s Aff. ¶ 5 (Doc. 32-3). Ms. Champion informed Defendant that she and five other people were at the residence when two males entered the house looking for Ms. Nimmons. Pl.'s Exhibit B-3 (Doc. 37-1 at 7). Ms. Champion stated that one of the males, "Big Brown," was Ms. Nimmon's ex-boyfriend. Id. Ms. Champion informed Defendant that Brown had pointed a pistol at everyone in the living room, and then proceeded to beat Ms. Nimmons with the pistol. Id. At some point after interviewing Ms. Champion, Defendant interviewed Ms. Nimmons. Def.'s Aff. ¶ 6 (Doc. 32-3). Ms. Nimmons's statement was consistent with Ms. Champion's statement, and Ms. Nimmons confirmed that "Big Brown" was Plaintiff Robert L. Brown. Id.

After concluding his preliminary investigation, Defendant swore out four warrants for Plaintiff's arrest. Def.'s Aff. ¶ 9 (Doc. 32-3). The warrants were based on knowledge gained by Defendant during his investigation, including evidence found at the scene and the recorded statements of Ms. Champion and Ms. Nimmons. Id. On May 24, 2007, the warrants were signed by a Sumter County Magistrate Judge. Def.'s Exhibit A-3 (Doc. 32-6). The warrants were executed by police officers other than Defendant. Def.'s Aff. ¶ 10.

## LEGAL ANALYSIS

In accordance with Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 47 U.S. 317, 323 (1986) (internal quotation marks omitted). If the moving party meets this burden, the burden shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the moving party is not entitled to judgment as a matter of law. Id. at 324-26. If the evidence presented by the nonmovant is "not significantly probative" or is "merely colorable," then summary judgment may be granted. Anderson, 477 U.S. at 249. In fact, summary judgment must be entered "against a party who

fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 332.

Plaintiff has failed to show that there are genuine issues of material fact related to his claim of false arrest against Defendant. Plaintiff contends that Defendant failed to investigate the incident adequately prior to swearing out warrants against Defendant and that Defendant should have interviewed and obtained statements from all of the victims prior to obtaining the warrants. Plaintiff argues that the statements of two victims, Ms. Champion and Ms. Nimmons, were not sufficient to establish probable cause needed to obtain the warrants. The validity of the warrants is not otherwise questioned.

The record indicates that there was sufficient probable cause for Defendant to swear out the warrants against Plaintiff. The Fourth Amendment to the United States Constitution forbids "unreasonable searches and seizures." U.S. Const. amend IV. An arrest is a seizure of the person. California v. Hodari, 499 U.S. 621, 624 (1991). The reasonableness of the arrest is determined by the presence or absence of probable cause. Skop v. City of Atlanta, 485 F.3d 1130, 1137 (11th Cir. 2007). An officer has probable cause to arrest if the facts within his knowledge or the facts gained through reasonably trustworthy information would allow someone to reasonably believe that a suspect had committed or was committing an offense. Holmes v. Kucynda, 321 F.3d 1069, 1079 (11th Cir. 2003).

Further, courts have held that an arrest made under authority of a properly issued warrant or indictment does not constitute a false arrest. Gresham v. Dell, 630 F.Supp. 1135, 1136 (N.D.Ga. 1986) (citing Rodriguez v. Ritchey, 556 F.2d 1185, 1190-93 (5th Cir. 1977)). Even if an officer was negligent in obtaining a warrant, he will not be liable if the facts supporting the

4

warrant are put before an impartial magistrate because the magistrate's "independent" decision "breaks the causal chain and isolates the initiating party." Rodriguez, 556 F.2d at 1193.

Defendant's affidavit in support of Plaintiff's arrest warrant established probable cause for Plaintiff's arrest. After Defendant arrived on the scene of the incident, Defendant obtained information from the initial responding officers as well as from witnesses. Defendant then took Ms. Champion, a victim and eyewitness, down to the police station to record a statement. After taking a statement from Ms. Champion, Defendant took a recorded statement from Ms. Nimmons, another victim in the case. Ms. Nimmons's statement was consistent with Ms. Champion's statement. Based on this reasonably reliable information, Defendant swore out warrants against Plaintiff, and the warrants were signed by a magistrate.

Although Plaintiff makes conclusions that this was not enough to support probable cause, Plaintiff presents no facts in the record to show that any of the information obtained by Defendant was unreliable. Plaintiff merely contends that Defendant should have obtained recorded statements from other victims and eyewitnesses before swearing out the warrants. The facts obtained through Defendant's investigation were sufficient to support probable cause to obtain warrants for Plaintiff's arrest. Accordingly, Plaintiff has failed to establish a genuine issue of material fact in support of his Section 1983 for false arrest against Defendant, and Defendant is entitled to judgment as a matter of law.

## CONCLUSION

For the above reasons, **IT IS RECOMMENDED** that Defendant's Motion for Summary Judgment be **GRANTED** and Plaintiff's Motion for Summary Judgment be **DENIED.**

Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 15th day of November, 2011.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge